IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| JOSEPH A. DELOE,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No. C14-1005<br><br>ORDER REGARDING MOTION FOR FEES |

This matter comes before the Court on the Motion for EAJA Fees (docket number 21) filed by the Plaintiff on October 14, 2014; the Objection to Plaintiff's Motion for EAJA Fees (docket number 22) filed by the Defendant on October 23, 2014; and the Reply (docket number 23) filed by the Plaintiff on October 30, 2014. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

In his initial motion for fees, Plaintiff requested $2,950 in attorney fees, $68.90 for expenses, and "$3,000+" for an expert witness. In response to Plaintiff's motion, Defendant raised four objections to Plaintiff's fee and expense request. First, Defendant argues that Plaintiff is not entitled to $3,000+ for expenses associated with a medical report from Plaintiff's treating cardiologist. Second, Defendant asserts that Plaintiff is not entitled to $68.90 for copies of old case filings unnecessary for preparation of Plaintiff's case. Third, Defendant contends that Plaintiff's request for attorney fees associated with

clerical expenses should be reduced. Lastly, Defendant argues that Plaintiff is not entitled to attorney fees for time spent seeking two separate extensions in this case.[1]

In his reply, Plaintiff disputes Defendant's objections and asserts that he entitled to all attorney fees and expenses described in his motion. Plaintiff further asserts, for the first time, that:

> an increase in the cost of living has occurred between 1996 and 2014, which constitutes good cause for, and justifies, an award of attorney fees using an adjusted hourly rate. Plaintiff amends his Motion for EAJA Fees, to ask that the Court award such fees and calculate them after applying the Bureau of Labor Statistics's "all items" Consumer-Price-Indexes ("CPI-U") as the measure of the increase in the cost of living from 1996 to 2014, consistent with Knudson v. Barnhart, [3]60 F. Supp. 2[]d 963 (N.D. Iowa 2004). . . . Plaintiff asks that this Court award attorney fees by multiplying the hours of approved attorney time by that $189.64 hourly rate.

Plaintiff's Reply to Defendant's Objection to His Motion for EAJA (docket number 23) at 3-4. Thus, Plaintiff asks the Court to order attorney fees in the amount of $4,361.72, and expenses in the amount of $3,465.90.[2]

Turning first to the issue of Plaintiff's entitlement to expenses for the report prepared by his treating cardiologist, the Court agrees with Defendant, and finds that Plaintiff is not entitled to an award of such expenses. In *Cornella v. Schweiker*, 728 F.2d 978 (8th Cir. 1984), the Eighth Circuit Court of Appeals explained that fees and expenses under the EAJA may not be recovered for work performed at the administrative level. *Id.*

---

[1] The Commissioner also states that any payment must be made to Plaintiff, not his attorney. Plaintiff concedes the point in his reply.

[2] *See* Plaintiff's Reply (docket number 23) at 4.

at 988-989. In *Kelly v. Bowen*, 862 F.2d 1333 (8th Cir. 1988), the Eighth Circuit reaffirmed the holding in *Cornella*, explaining further that:

> As enacted in 1980, the EAJA covered only "adversary adjudications," which it defined by reference to § 504 of the Administrative Procedure Act. 28 U.S.C. § 2412(d)(3), *citing* 5 U.S.C. § 504(b)(1)(C). Title 5 U.S.C. § 504(b)(1)(C) defines an "adversary adjudication" as one "in which the position of the United States is represented by counsel or otherwise." This definition necessarily excludes most Social Security administrative proceedings because such proceedings are not considered adversarial and the Secretary is usually not represented by counsel or otherwise at such hearings. *See Richardson v. Perales*, 402 U.S. 389, 403, 91 S. Ct. 1420, 1428, 28 L. Ed. 2d 842 (1971). The 1985 legislative history acknowledged that, in general, Social Security administrative proceedings are outside the scope of the EAJA[.] . . . Accordingly, we reaffirm *Cornella v. Schweiker* and hold that, under the EAJA as re-enacted and amended in 1985, a Social Security claimant cannot revover attorney's fees for work performed in administrative proceedings[.] . . .

*Id.* at 1336. Here, the report of Plaintiff's treating cardiologist was prepared in connection with Plaintiff's appeal of the ALJ's November 9, 2012 partially favorable decision to the Appeals Council of the Social Security Administration.[3] Because an appeal to the Appeals Council of the Social Security Administration is a part of the administrative process, and the position of the United States was not represented by counsel, the Court finds that fees associated with the cardiologist's report may not be awarded under the EAJA. *See Kelly*, 862 F.2d at 1336; *Cornella*, 728 F.2d at 988-989.

---

[3] *See* Administrative Record at 262-267 (Plaintiff's appeal brief to the Social Security Administration Appeals Council with his treating cardiologist's report attached to it).

3

Turning to the other issues raised by the Defendant, the Court agrees with Defendant that Plaintiff is not entitled to $68.90 in expenses for obtaining copies of briefs and an order from the Clerk of Court on a social security case he worked on in 1999. The Court finds such expenses unnecessary to the preparation of this case. *See* 28 U.S.C. § 2412(d)(2)(A) (providing that fees and expenses may be awarded when necessary for the preparation of a claimant's case). The Court further agrees with Defendant that .4 hours should be reduced from Plaintiff's request for attorney fees, for time spent securing these unnecessary documents.

The Court finds Defendant's remaining objections to be without merit. Plaintiff's attorney fees need not be reduced by .8 hours for clerical expenses. Furthermore, the Court does not find Plaintiff's requests for two extensions to constitute a pattern of delay requiring reduction of attorney fees. Additionally, the Court finds that an hourly rate of $189.64 for attorney fees is appropriate in this matter under the Consumer Price Index.[4] *See Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (providing that the hourly rate may be increased based on proof of an increase the cost of living sufficient to justify hourly attorneys fees at a rate higher than the statutory rate); *see also Kelly*, 862 F.2d at 1336 (citing *Allen v. Bowen*, 821 F.2d 963, 967-68 (3d Cir. 1987) (providing that proof of increase in cost of living may be calculated by reference to the Consumer Price Index). Therefore, the Court concludes that Plaintiff is entitled to attorney fees of $4,399.65 (23.2 hours of work at a rate of $189.64).

## ORDER

IT IS THEREFORE ORDERED that Plaintiff's Motion for EAJA Fees (docket number 21) is **GRANTED in part** and **DENIED in part**. Plaintiff is not entitled to

---

[4] *See* Attachments to Plaintiff's Reply to Defendant's Objection to His Motion for EAJA (docket number 23). Plaintiff's attachments are not numbered, but the references to the Consumer Price Index are contained in the first three pages of attachments.

expenses for medical reports prepared for use at the administrative level in this case, or old case filings Plaintiff's attorney requested from the Clerk of Court. Plaintiff is entitled to the remaining attorney fees he requested. Judgment will be entered in favor of the Plaintiff for attorney fees in the amount of Four Thousand Three Hundred Ninety-Nine Dollars and sixty-five cents ($4,399.65) to be paid by the Social Security Administration.

DATED this 10th day of November, 2014.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA